UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BENJAMIN CUNNINGHAM, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 13-960 (RMC) |
| SEAN O'NEILL, *et al.*, | ) |
| Defendants. | ) |

## OPINION

Pro se Plaintiff Benjamin Cunningham brought this suit under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to compel the release of certain records relating to Mr. Cunningham's prior civil rights suit, *Cunningham v. McCluskey*, Civil Case No. 05-10169 (S.D.N.Y.), against individual Deputy U.S. Marshals and a New York City Police Department detective. Because FOIA authorizes relief only against covered federal agencies and the Defendants here are all individuals, this case will be dismissed.

### I. FACTS

The origin of this case goes back some years. In 2005, United States Deputy Marshals searched Mr. Cunningham's New York City residence looking for his brother, fugitive Terrence Cunningham. Upon arriving at the house, the Deputy Marshals seized Benjamin Cunningham. While the search continued, Mr. Cunningham fled, handcuffed and in his underwear, and ran into or was sideswiped by a bus. He then managed to board the bus. The bus carried city transit officers; they held Mr. Cunningham until the U.S. Deputy Marshals retrieved him. After verifying that Mr. Cunningham was not Terrence, the officers released him.

*See Cunningham v. U.S. Congress House Ethics Comm.*, Civil Case No. 12-1935 (Compl. [Dkt. 1]).[1]

Based on this incident, Mr. Cunningham unsuccessfully sued the individual Deputy Marshals and a New York Police Department detective alleging Fourth and Fifth Amendment violations. The district court granted summary judgment in favor of the defendants. *See Cunningham v. McCluskey*, Civil Case No. 05-10169 (S.D.N.Y. Aug. 8, 2011) (Order adopting Report and Recommendation; qualified immunity barred the Fourth Amendment claim and the Fifth Amendment due process claim was not cognizable due to remedy available under the Federal Tort Claims Act). Mr. Cunningham appealed, but the Second Circuit dismissed the appeal as frivolous. *See Cunningham v. McCulskey*, No. 11-3597 (2d Cir. Feb. 14, 2012) (Mandate), *cert. denied*, 133 S. Ct. 124 (Oct. 1, 2012).[2]

Subsequently, Mr. Cunningham filed this FOIA suit against the following Defendants, all of whom are individual federal officials: Sean O'Neill, Chief of Administrative Appeals for the Office of Information Privacy, Department of Justice; Judge Deborah Batts, U.S.

---

[1] In Civil Case No. 12-1935, Mr. Cunningham brought suit in this Court against Congressman Serrano and the House Ethics Committee. The Court dismissed the case because the Congressman and the Committee were immune under the Speech or Debate Clause of the U.S. Constitution. *See Cunningham v. U.S. Congress House Ethics Comm.*, Civil Case No. 12-1935 (Order [Dkt. 5] at 2-3 (citing U.S. Const. Art. I, § 6)).

[2] Arising from these same circumstances, Mr. Cunningham filed another suit in the Southern District of New York, seeking a writ of mandamus to compel the Federal Crime Victim Office to provide him crime victim benefits and counseling, to pay his medical bills related to injuries he sustained the day his home was searched, and to reimburse him for cash that the Marshals allegedly took from his home. The district court dismissed the case. *See Cunningham v. Gillis*, Civil Case No. 09-1768 (S.D.N.Y.) (Feb. 25, 2009 Opinion and Order), appealed, No. 13-260 (2d Cir. Jan. 24, 2013), appeal dismissed (2d Cir. Feb. 11, 2013). Further, Mr. Cunningham sued the United States in the Court of Federal Claims, alleging that the district court judge and magistrate, who presided over his suit against the law enforcement officers, had improperly handled the case and conspired against him. The Court of Federal Claims dismissed the case for lack of jurisdiction and the Federal Circuit affirmed. *Cunningham v. United States*, No. 11-330C, 2011 WL 5825147 (Fed. Cl.) (Nov. 16, 2011), *aff'd*, 479 F. Appx. 974 (Fed. Cir. 2012).

District Judge, Southern District of New York; Magistrate Judge Kevin Fox, Southern District of New York; David Bober, Assistant U.S. Attorney, District of New Jersey; Peter Skinner, Assistant U.S. Attorney, Southern District of New York; Nicholas Ricigliano, Deputy U.S. Marshal; Kristin Norris, FBI Special Agent; Jose Serrano, U.S. Congressman; Kerry Kircher, General Counsel, U.S. House of Representatives; and Christine Davenport, Senior Assistant Counsel, U.S. House of Representatives.  The Complaint alleges:

> Defendants have willfully violated FOIA Laws against the (Pro-se) Plaintiff's secured Civil Rights in order to CONCEAL legal facts about how defendants [Judge Batts, Magistrate Judge Fox, AUSA Bober, AUSA Skinner, DUSM Ricigliano, and Special Agent Norris] . . . have willfully Faked Up/Invented Up a North Carolina State's Reliable Confidential Informant in order to DISMISSED the (pro-se) plaintiff's Civil Rights case against defendant DUSM Nicholas Ricigliano & "etc" (05 Civ. 10169).

Compl. [Dkt. 1] at 3 (errors in original).  The Complaint further alleges that all Defendants have willfully concealed information and legal documents "regarding North Carolina State's Reliable Confidential Informant against the (pro-se) plaintiff's FOIA Request." *Id*. at 4.  Mr. Cunningham seeks $50,000,000.  *Id.*  Defendants have moved to dismiss.  *See* Mot. to Dismiss [Dkt. 7].

## II.  ANALYSIS

Even though pro se complaints are construed liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) and *United States v. Byfield,* 391 F.3d 277, 281 (D.C. Cir. 2004), the complaint still must state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 8, 12(b)(6).  A district court may sua sponte—that is, without notice—dismiss a claim pursuant to Rule 12(b)(6) where it is "patently obvious" that the plaintiff cannot possibly prevail based on the facts alleged in the complaint.  *Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990).

Mr. Cunningham cannot possibly prevail here because he has sued individual federal officials under FOIA and FOIA authorizes relief only against covered federal agencies. *See* 5 U.S.C. § 552(a)(4)(B) (granting courts "jurisdiction to enjoin the agency from withholding agency records"). An "agency" is "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency." *Id*. § 552(f)(1); *see also id*. § 105 ("Executive agency" means an Executive department, a Government corporation, and an independent establishment). Thus, in FOIA cases individual federal employees are not proper parties. *Martinez v. BOP*, 444 F.3d 620, 624 (D.C. Cir. 2006).

All of the Defendants here are individuals and cannot be sued under FOIA. Furthermore, many of the federal officials who are Defendants here are not employed in the executive branch: Judge Batts and Magistrate Judge Fox are officials in the judicial branch and Congressman Serrano, General Counsel Kircher, and Senior Assistant Counsel Davenport are officials in the legislative branch. FOIA covers only *agencies* in the *executive* branch of government. 5 U.S.C. § 552(f)(1). Thus, the Complaint will be dismissed for failure to state a claim.

### III.  CONCLUSION

For the reasons stated above, Defendants' motion to dismiss [Dkt. 7] will be granted and this case will be dismissed. All other pending motions will be denied as moot. A memorializing Order accompanies this Opinion.

Date: July 17, 2013                               /s/
                                                                                 ROSEMARY M. COLLYER
                                                                                 United States District Judge